Filed 12/8/23  P. v. Garcia CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050749 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 149923) |
| v. | |
| ANGEL ZETINA GARCIA, | |
| Defendant and Appellant. | |

### THE COURT[1]

Angel Zetina Garcia appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[2]  Counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Garcia subsequently filed a supplemental brief on his own behalf.  For the reasons set forth below, we affirm the order.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In 1993, a jury convicted Garcia of first degree murder.  (§ 187.)  The jury found true the allegation that Garcia personally used a firearm during the commission of the offense.  (§ 12022.5, subd. (a).)  The jury further found true the special circumstance that

---

[1] Before Greenwood, P. J., Grover, J., and Lie, J.

[2] All statutory references are to the Penal Code, unless otherwise stated.  Garcia filed his petition under former section 1170.95.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 with no substantive change.  (Stats. 2022, ch. 58, § 10.) For clarity, we will cite to current section 1172.6 throughout this opinion.

[3] The underlying facts are not relevant to the issue raised on appeal.

Garcia committed the murder while lying in wait. (§ 190.2, subd. (a)(15).) The trial court found true the allegations that Garcia had previously been convicted of a serious felony and a prior felony for which he served a term of imprisonment, and sentenced him to a term of seven years, consecutive to life imprisonment without possibility of parole. (§§ 667, 667.5, subd. (b), 1192.7.) We affirmed the conviction in *People v. Garcia* (Apr. 28, 1995, H011822 [nonpub. opn.]).

In 2022, Garcia filed a petition pursuant to section 1172.6, stating that he was entitled to resentencing under the ameliorative changes set forth in Senate Bill No. 1437.[4] The trial court appointed counsel to represent Garcia, and both sides submitted written responses. The prosecution opposed the petition, contending that Garcia was not eligible for relief under section 1172.6, for two reasons. First, the jury found that Garcia committed the murder intentionally while lying in wait, and a person convicted of intentional murder is not eligible for relief. Second, the testimony at trial strongly suggested that Garcia was the actual killer, thus precluding him from relief under the statute. In his reply, Garcia objected to the trial court engaging in any factfinding at the prima facie stage. Relying on *People v. Lewis* (2011) 11 Cal.5th 952 (*Lewis*), Garcia pointed to portions of the prosecution's opposition that "analyze[] various [trial] transcripts and seems to invite the Court to engage in such factfinding." He argued that such factfinding "is not a proper legal basis to find a failure to establish a prima facie showing." Garcia otherwise submitted on his original petition.

---

[4] Effective January 1, 2022, Senate Bill No. 1437 amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief." (See *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) That procedural mechanism is set forth in section 1172.6.

After a hearing, the trial court denied Garcia's petition without issuing an order to show cause. In the order, the court sustained Garcia's objection to the prosecution's argument based on the trial transcripts, holding that the prosecution's analysis of the transcripts was "*not* a proper legal basis to find a failure to establish a prima facie showing." Nevertheless, the court held that Garcia was ineligible for resentencing as a matter of law. Relying on jury instructions and the verdict forms, the court explained that Garcia was "convicted of malice murder (not felony murder, or murder under the [natural and probable consequences] doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime.)[.]" In addition, "[b]eyond the fact that the jury was not given felony murder or [natural and probable consequences] instructions, the jury found [Garcia] committed his murder intentionally while lying in wait . . . . This finding required, among other things, that 'the defendant *intentionally* killed the victim.' . . . Those who intend to kill are not eligible for section 1172.6 relief because malice has not been imputed." The trial court denied Garcia's petition at the prima facie stage. Garcia timely appealed.

On appeal, counsel filed an opening brief pursuant to the procedure set forth in *Delgadillo, supra,* 14 Cal.4th at pages 231-232. We notified Garcia that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Garcia filed a timely supplemental brief on August 8, 2023. Having reviewed the supplemental brief, we conclude that Garcia does not raise an arguable issue on appeal. Accordingly, we affirm the trial court's order.

## II. DISCUSSION

In his supplemental brief, Garcia contends that in denying his petition at the prima facie stage, the trial court impermissibly engaged in factfinding in violation of *Lewis*. In *Lewis*, the Supreme Court held that while a trial court may rely on the record of conviction to determine whether a petitioner has made a prima facie showing for relief under section 1172.6, it "should not engage in 'factfinding involving the weighing of

3

evidence or the exercise of discretion.' [Citation]." (*Lewis, supra*, 11 Cal.5th at pp. 971-972.)

Garcia does not raise an arguable issue on appeal.  An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment.  (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

The trial court did not engage in factfinding in violation of *Lewis*.  In considering the parties' responses to Garcia's petition, the trial court sustained Garcia's objection to the prosecution's argument that was based on the trial transcripts, and agreed with Garcia that "the Court cannot engage in factfinding or the weighing of evidence and assessment of credibility at the prima facia[sic] [stage] of these proceedings."

Instead, the trial court relied solely on the record of conviction, including jury instructions and verdict forms from the underlying trial, to conclude that Garcia was ineligible for section 1172.6 relief as a matter of law.  (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)  Those documents establish that in convicting Garcia of first degree murder and finding true the special circumstance that Garcia committed the murder while lying in wait, the jury necessarily found that Garcia "intentionally killed the victim."

At Garcia's jury trial, the court instructed the jury:  "To find that the special circumstance, referred to in these instructions as murder while lying in wait, is true, each of the following facts must be proved:  [¶] 1. The defendant intentionally killed the victim, and [¶] 2. The murder was committed while the defendant was lying in wait."  The jury found this special circumstance to be true.

The lying-in-wait special circumstance finding requires "an intentional murder." (*People v. Cage* (2015) 62 Cal.4th 256, 278.)  This differs from the offense of first degree lying-in-wait murder as set forth in section 189, which does not require that the

perpetrator act with an intent to kill. (See *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1262-1263 (*Maldonado*).) In *Maldonado*, the court distinguished between the lying-in-wait special circumstance and lying-in-wait murder, holding that a defendant convicted of being an aider and abettor to the latter may be eligible for relief under section 1172.6 because the jury could convict such a defendant of murder under a theory of imputed malice. (*Id*. at pp. 1262, fn. 3, 1266-1267.)

*Maldonado* does not apply here because Garcia was convicted of first degree murder with a lying-in-wait special circumstance, which required a finding that he "intentionally killed the victim." Those who act with the intent to kill, as the jury found true of Garcia, are not eligible for relief under section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 710 [Senate Bill No. 1437 relief is unavailable if the defendant "acted with the intent to kill"].)

Because Garcia raises no arguable issue in his supplemental brief, we affirm the trial court's post-conviction order.

### III. DISPOSITION

The order denying Garcia's resentencing petition is affirmed.